NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2686
Telephone: (213) 622-9100
Facsimile: (800) 622-9145

MICHELLE A. CHIONGSON, SBN 221740
michelle.chiongson@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL,<br><br>Plaintiff<br><br>vs.<br><br>FUND 80, LLC, a New York foreign limited liability company; MARIELYNN DIDONNA, an individual,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital ("Balboa" or "Plaintiff"), alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one of its divisions, which division has its principal place of business in Orange County, State of California.

2. Defendant Fund 80, LLC ("Fund"), is, and at all times relevant to this action was, a New York foreign limited liability company with its principal place of business in Albany County, State of New York.

3. Defendant Marielynn DiDonna ("DiDonna"), an individual, is, and at all times relevant to this action was, a resident of Montgomery County, state of New York, and was a member, officer, director, agent and/or owner of Fund. Based on information and belief, including the Driver's License submitted by DiDonna to Balboa, DiDonna is domiciled in Amsterdam, NY 12010. Thus, DiDonna is a citizen of the State of New York.

4. Based on research, and upon information and belief, defendant Fund has one member – defendant DiDonna – who is a citizen of the State of New York. Thus, Fund is a citizen of the State of New York.

5. Plaintiff is informed and believes, and thereon allege, that each defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other defendants in a joint enterprise for profit and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about the foregoing, and that each defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other defendants.

6. The obligations sued upon herein are commercial in nature, and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801 *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981 *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement and the Personal Guaranty described herein, Defendants agreed that those documents would be governed by the laws of the State of California. The Equipment Financing Agreement provides, in pertinent part:

> **General.** This Agreement **will be governed and construed under the laws of the State of California** without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. **You submit to the exclusive and mandatory jurisdiction of CA** and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

8. Jurisdiction. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9. Specifically, as described above, Plaintiff is a citizen of the States of Georgia and California, and Fund is a citizen of the State of New York. Since Fund is neither a citizen of California nor a citizen of Georgia, there exists complete diversity of citizenship between Plaintiff and Defendant. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

10. Venue. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

11. All officers of the Plaintiff, including all witnesses, and all of the Plaintiff's documents are located in Orange County, State of California. The transactions at issue in this Action occurred in Orange County, State of California.

**FIRST CAUSE OF ACTION**

**(Breach of Equipment Financing Agreement)**

**(Against Fund)**

12. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13. Prior to June 2024, Balboa is informed and believes that Fund initiated and engaged with NewLane Finance Company (A Division of WSFS Bank) (the "Equipment Vendor") located at 801 W Lancaster Ave, Bryn Mawr, PA 19010 in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral") for its business. The Equipment Vendor worked with Fund in the selection of the Collateral and in coordinating its delivery.

14. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated the submission of Fund's electronic credit application to Balboa and other financial institutions. Upon review, Fund concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from Fund to finance the Collateral being supplied by the Equipment Vendor.

15. On or about June 6, 2024, Fund executed Equipment Financing Agreement No. 512890-000 (the "EFA"), under the terms of which Balboa loaned to Fund the sum of One Hundred Eighty-Seven Thousand Three Hundred Thirty-Four Dollars and Sixty-Four Cents ($187,334.64) to finance the Collateral for its business. The EFA required Fund to make sixty (60) monthly payments of $3,971.00, payable on the 17th day of each month beginning August 17, 2024. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

16. The last payment received by Balboa was credited toward the monthly payment due for May 19, 2026. Therefore, on or about June 19, 2026, Fund breached the EFA by failing to make the monthly payment due on that date. Fund's failure to make timely payments is a default under the terms of the EFA.

17. In accordance with the EFA, and as a proximate result of Fund's default thereunder, Balboa declared the entire balance of payments under the EFA to be immediately due and payable to Balboa. Therefore, there became due the sum of $150,898.00. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Fund.

18. Pursuant to the "Default and Remedies" section on page 3 of the EFA, in the event of a default, Balboa may: "… (c) accelerate and declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us . . . ." Balboa's calculation of the 3% discount is made pursuant to a present-value ("PV") accounting formula that is calculated to discount each future monthly accelerated payment down to what the present value would be in today's dollar figure. For example, a payment owed exactly one year from today would be discounted by the full 3%, whereas earlier payments would be discounted by less, and further payments would be discounted by more. Based upon this formula, Balboa calculated that the PV amount due totaled $136,890.02 ("PV'd Total").

19. In addition to the PV'd Total, between the date of default and the initiation of this action, Defendants owed two (2) past due monthly payments for June 19, 2026 and July 19, 2026, for a total amount of $7,942.00, which was not discounted by the PV calculation in accordance with the explicit terms of the EFA. Accordingly, there became due the sum of $144,832.02. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendants.

20. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Fund.

21. As a proximate result of Fund's breach of the EFA, Balboa has been damaged in the sum of **$144,832.02**, plus prejudgment interest from June 19, 2026, until the entry of judgment herein.

22. Further, under the terms of the EFA, Fund promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in enforcing the EFA. Therefore, Balboa requests that the Court award Balboa its reasonable attorneys' fees and costs against Fund.

23. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

**(Breach of Personal Guaranty)**

**(Against DiDonna)**

24. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

25. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Fund, DiDonna guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed by DiDonna (the "Guaranty") is attached as **Exhibit A** (Page 1) and incorporated herein by reference.

26. On or about June 19, 2024, Balboa and Defendants executed a Change Addendum to the EFA to revise the Debtor's name from Marie Didonna to

Marielynn DiDonna. A true and correct copy of the Change Addendum is attached here as **Exhibit B** and incorporated herein by reference.

27. Balboa has performed all of the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of DiDonna.

28. Following a default by Fund under the terms of the EFA, Balboa demanded DiDonna make the payments required under the EFA. DiDonna failed to meet the Guaranty obligations and make the payments required under the EFA.

29. Pursuant to the terms of the Guaranty, the sum of **$144,832.02** plus prejudgment interest from June 19, 2026, is due and payable to Balboa from DiDonna. This Complaint, in addition to previous demands, shall constitute further demand upon DiDonna to pay the entire indebtedness due and owing from Fund to Balboa under the terms of the EFA.

30. Under the terms of the Guaranty, DiDonna promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against DiDonna.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1. The sum of **$144,832.02**;
2. Prejudgment interest from June 19, 2026, to the date of entry of judgment;
3. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;
4. Reasonable attorneys' fees and costs;

5. Costs of suit as provided by law; and

6. Such other and further relief that the Court considers proper.

DATED: August 14, 2026

SALISIAN LLP

By: ______________________

Jared T. Densen
Patty W. Chen
Neal S. Salisian

*Attorneys for Plaintiff*
AMERIS BANK d/b/a BALBOA CAPITAL